**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO. 5:14-CV-187-RLV-DCK**

| | |
|---|---|
| ERNESTINE HOUCK, as Executrix of the Estate of Walter Mark Houck, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>)<br>)<br>)<br>)<br>JOSHUA HOPKINS and )<br>BRANDON PHIL HOWELL, )<br>)<br>Defendants. )<br>) | **MEMORANDUM AND RECOMMENDATION AND ORDER** |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff's Motion to Amend Complaint" (Document No. 27). This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and is ripe for disposition. Having carefully considered the motion, the record, and, applicable authority, the undersigned will <u>grant</u> the motion to amend, and recommend that the pending motions to dismiss be denied as moot.

## BACKGROUND

Plaintiff Ernestine Houck ("Plaintiff") initiated this action with the filing of her "Complaint" (Document No. 1) on November 18, 2014. On January 12, 2015, Plaintiff filed an "Amended Complaint" (Document No. 12) as a matter of course "to address scrivener's errors identified by opposing counsel." <u>See</u> (Document No. 28, p.1). The "Amended Complaint" asserts the following claims for relief: (1) 42 U.S.C. § 1983 – Fourth Amendment; (2) wrongful death; and (3) obstruction of justice.

Also on January 12, 2015, Defendant Howell filed his "Motion By Defendant Brandon Phil Howell To [Dismiss] Plaintiff's Amended Complaint" (Document No. 13). Defendant Howell's motion seeks to dismiss the "Amended Complaint" "in its entirety" pursuant to Fed.R.Civ.P. 12(b)(2) and 12(b)(6). (Document No. 13). "Defendant Joshua Hopkins's Partial Motion To Dismiss" (Document No. 19) was filed on February 2, 2015. Defendant Hopkins' motion seeks dismissal of Plaintiff's claim alleging obstruction of justice. (Document No. 20).

"Plaintiffs' Motion to Amend Complaint" was filed on March 11, 2015. Plaintiff asserts that the proposed Second Amended Complaint is necessary to modify or clarify some factual allegations, but does not add any new claims or theories of recovery. (Document No. 28). Defendants have filed responses in opposition arguing that the proposed amendments are futile. (Document Nos. 29 and 30).

The pending motions have been fully briefed and are ripe for review and disposition.

**STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 applies to the amendment of pleadings and allows a party to amend once as a matter of course within 21 days after serving, or "if the pleading is one to which a responsive pleading is required, 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), whichever is earlier." Fed.R.Civ.P. 15(a)(1). Rule 15 further provides:

> **(2) Other Amendments.** In all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires.

Fed.R.Civ.P. 15(a)(2).

Under Rule 15, a "motion to amend should be denied only where it would be prejudicial, there has been bad faith, or the amendment would be futile." Nourison Rug Corporation v.

Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) (citing HCMF Corp. v. Allen, 238 F.3d 273, 276-77 (4th Cir. 2001); see also, Foman v. Davis, 371 U.S. 178, 182 (1962). However, "the grant or denial of an opportunity to amend is within the discretion of the District Court." Pittston Co. v. U.S., 199 F.3d 694, 705 (4th Cir. 1999) (quoting Foman, 371 U.S. at 182).

## DISCUSSION

It appears that there has been no initial attorney's conference and that no Court-sanctioned discovery has taken place thus far. See Local Rule 16.1. Furthermore, the undersigned is not persuaded that there is sufficient evidence of prejudice, bad faith, or futility to outweigh the policy favoring granting leave to amend. In fact, Defendants do not argue that the pending motion is brought in bad faith or is prejudicial; rather, they focus on the argument that the amendment is futile. (Document Nos. 29 and 30).

The undersigned is not convinced that Plaintiff's proposed amendments are futile. Moreover, the undersigned finds that the interests of justice are better served if Plaintiff has a full opportunity to assert all her factual allegations. If, as Defendants suggest, these amendments are not helpful to Plaintiff's case, Defendants will be able to re-assert their arguments for dismissal with minimal inconvenience. In short, after consideration of the record and the motion, the undersigned finds that Plaintiff's motion to amend should be granted.

Because the undersigned will order Plaintiff to file a Second Amended Complaint which supersedes the previous Complaint, the undersigned will respectfully recommend that the "Motion By Defendant Brandon Phil Howell To [Dismiss] Plaintiff's Amended Complaint" (Document No. 13) and "Defendant Joshua Hopkins's Partial Motion To Dismiss" (Document No. 19) be denied as moot. This recommendation is without prejudice to Defendants filing renewed motions to dismiss the Second Amended Complaint, if appropriate.

It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot. Young v. City of Mount Ranier, 238 F. 3d 567, 573 (4th Cir. 2001) ("The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect."); see also, Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614 (M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); Turner v. Kight, 192 F.Supp. 2d 391, 397 (D.Md. 2002) (quoting 6 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1476 (2d ed. 1990) ("A pleading that has been amended ... supersedes the pleading it modifies .... Once an amended pleading is interposed, the original pleading no longer performs any function in the case."); Brown v. Sikora and Associates, Inc., 311 Fed.Appx. 568, 572 (4th Cir. Apr. 16, 2008); and Atlantic Skanska, Inc. v. City of Charlotte, 3:07-CV-266-FDW, 2007 WL 3224985 at *4 (W.D.N.C. Oct. 30, 2007).

## CONCLUSION

**IT IS, THEREFORE, ORDERED** that "Plaintiff's Motion to Amend Complaint" (Document No. 27) is **GRANTED**. Plaintiff shall file a Second Amended Complaint on or before **May 6, 2015**.[1]

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that the "Motion By Defendant Brandon Phil Howell To [Dismiss] Plaintiff's Amended Complaint"

---

[1] The Administrative Procedures Governing Filing and Service by Electronic Means, revised January 1, 2012, at Part II, Section A, Paragraph 8, provide that: "If filing a document requires leave of the Court, such as an amended complaint, the attorney shall attach the proposed document as an exhibit to the motion according to the procedures in IV. If the Court grants the motion, the filer will be responsible for electronically filing the document on the case docket."

(Document No. 13) and "Defendant Joshua Hopkins's Partial Motion To Dismiss" (Document No. 19) be **DENIED AS MOOT**, without prejudice to re-file.

## TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days** of service of same. Responses to objections may be filed within fourteen (14) days after service of the objections. Fed.R.Civ.P. 72(b)(2). Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court. Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005). Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal. Diamond, 416 F.3d at 316; Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003); Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**SO ORDERED AND RECOMMENDED**.

Signed: April 29, 2015

David C. Keesler
United States Magistrate Judge