**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL ACTION NO. 5:14-CV-00187-RLV-DCK**

| | |
|---|---|
| ERNESTINE HOUCK, EXECUTRIX OF THE ESTATE OF WALTER MARK HOUCK, )<br><br>Plaintiff, )<br><br>v. )<br><br>BRANDON PHIL HOWELL AND JOSHUA HOPKINS, )<br><br>Defendants. ) | <u>ORDER</u> |

**THIS MATTER IS BEFORE THE COURT** on Plaintiff's Motion for Reconsideration (the "Motion"). [Doc. No. 50]. Having been fully briefed and considered, the Motion is now ripe for disposition. For the reasons discussed more fully below, Plaintiff's Motion is **DENIED**.

**I.     BACKGROUND**

The relevant factual and procedural background is more specifically set out in this Court's April 21, 2016 order on Defendants' motions to dismiss (Doc. No. 46), and will not be repeated here. *See Houck v. Howell*, No. 5:14-CV-00187-RLV-DCK, 2016 WL 1599806 (W.D.N.C. Apr. 21, 2016). The Court will assume the parties are well-aware of the facts and procedural background of this matter for purposes of this order.

**II.     DISCUSSION**

   A.     <u>Standard of Review</u>

Motions for reconsideration are granted or denied at the discretion of the court. *See*, *e.g.*, *Ga.-Pac. Consumer Prods. v. Von Drehle Corp.*, 815 F. Supp. 2d 927, 929 (E.D.N.C. 2011); *Stephens v. Wachovia Corp.*, 2008 WL 1820928 at *2 (W.D.N.C. 2008). A district court has the

inherent discretionary power to modify, vacate, or set aside an interlocutory order at any time before entry of final judgment. *See* Fed. R. Civ. Pro. 54(b); *see also Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003); *Fayetteville Investors v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991).[1] This discretion is broad; it is not limited by the narrow doctrines governing the reconsideration of a final judgment. *See Am. Canoe*, 326 F.3d at 514-15.

A court may, however, look to Rule 59(e) standards for guidance in reviewing a non-Rule 59(e) motion for reconsideration. *See Carlyle v. Travelers Home & Marine Ins. Co.*, No. WDQ-13-2964, 2014 WL 6609295, at *4 (D. Md. Nov. 19, 2014) ("In considering whether to revise interlocutory decisions, district courts in this Circuit have looked to whether movants presented new arguments or evidence, or whether the court has obviously misapprehended a party's position or the facts or applicable law." (quotation marks and citations omitted)). While "[a] court's discretion to review an interlocutory order is . . . within [its] plenary power . . . to afford such relief as justice requires," *Carlyle*, 2014 WL 6609295, at *4 (internal alterations, quotation marks, and citations omitted), "[t]he ultimate responsibility of the federal courts, at all levels, is to reach the correct judgment under [the] law." *Am. Canoe*, 326 F.3d at 515.

      B.    <u>The Motion for Reconsideration is Denied</u>

Plaintiff seeks reconsideration of the Court's decision to dismiss her state law claim for obstruction of justice against Defendant Hopkins. In its order, the Court dismissed the claim because it found that a prior decision of the Fourth Circuit, *Evans v. Chalmers*, 703 F.3d 636 (4th

---

[1] In her Motion, Plaintiff moves the Court to reconsider its April 21, 2016 order under Rule 59(e) of the Federal Rules of Civil Procedure. *See* [Doc. No. 49] at pp. 1-3. However, Rule 59(e) embodies a heightened burden that applies only to motions seeking the reconsideration of final judgments. *See Saint Annes Dev. Co. v. Trabich*, 443 Fed. App'x 829, 832 (4th Cir. 2011) ("Rule 59(e) . . . applies only to final judgments." (citing *Fayetteville Investors*, 936 F.2d at 1469)). Where the judicial decision asked to be reconsidered is not a final judgment, but is instead an interlocutory order, a court may utilize its inherent power to review the decision, as suggested by Rule 54(b). *See Saint Annes*, 443 Fed. App'x at 832. Such review, if any, is left to the district judge's discretion, and "that discretion is not cabined by the 'heightened standards for reconsideration' governing final orders." *Saint Annes*, 443 Fed. App'x at 832 (quoting *Am. Canoe*, 326 F.3d at 514-15).

Cir. 2012),[2] precluded a civil litigant from bringing a state law claim for obstruction of justice against a law enforcement officer for actions taken by him in relation to a criminal proceeding. *See Houck*, 2016 WL 1599806, at *9. Plaintiff contends that the Court erred by relying on *Evans* to dismiss her claim.

In Plaintiff's opinion, *Evans* is narrowly limited to its facts and should not be construed to apply beyond a claim "against a police officer for the deliberate manipulation of evidence to bring . . . criminal charges that were later dismissed." *See* [Doc. No. 49] at p. 3. So construed, Plaintiff contends that her claim is distinguishable because it arises from Defendant Hopkins' "interfer[ence] in a police investigation into his [own] misconduct." *Id.* For support, Plaintiff points to *Jones v. City of Durham*, 183 N.C. App. 57, 643 S.E.2d 631 (2007),[3] as "expressly recogniz[ing] an obstruction of justice claim against an officer who lost or destroyed [a] video tape of a high speed chase to protect himself and fellow officers from liability for the injury of a pedestrian." *Id.* Plaintiff's argument does not persuade the Court that an error was committed.

As the Court stated before, the Fourth Circuit's *Evans* opinion broadly proclaims that, under North Carolina law, an obstruction of justice claim may not be maintained against a law enforcement officer "for his actions relating to a criminal proceeding." *See Houck*, 2016 WL 1599806, at 9 (quoting *Evans*, 703 F.3d at 658). The Court also recognized that, "[i]n a later case, the Fourth Circuit noted that 'an utter dearth' of North Carolina cases have interpreted the 'obstruction of justice' claim since *Evans*, and none had changed its essential holding as it relates to this issue." *Id.* (quoting and citing *Massey v. Ojaniit*, 759 F.3d 343, 358 (4th Cir. 2014)). Plaintiff's citation to *Jones* does not change this reading of the law for several reasons.

---

[2]   The Court notes that *Evans* was not identified or argued by the parties during their briefing of this issue.
[3]   The Court also notes that Plaintiff similarly failed to identify or opine upon this case in her original briefing.

In *Jones*, a police officer was sued for hitting the plaintiff with his patrol vehicle. *See Jones v. City of Durham*, 168 N.C. App. 433, 608 S.E.2d 387 (2005) ("Jones I"). There, the plaintiff was a bystander who had, unfortunately, crossed paths with the hurried officer's vehicle. *See* 608 S.E.2d at 388-89. An alleged videotape of the accident, taken from a camera in another officer's patrol car, was either misplaced or destroyed at a later date. *See Jones I*, 608 S.E.2d at 389. Though *Jones I* contains a lengthy recitation of the facts in that case, the court of appeals' opinion does not specify when, how, or under what circumstances the videotape was alleged to have been misplaced or destroyed. *See Jones I*, 608 S.E.2d at 395 (Levinson, J., concurring-in-part and dissenting-in-part). All that is known is that the videotape related only to the plaintiff's civil action, not a criminal proceeding, and that it disappeared after the plaintiff's cause of action accrued. On review, the Supreme Court of North Carolina did not review the obstruction of justice claim, and did not elaborate on the facts allegedly underlying it. *See Jones v. City of Durham*, 361 N.C. 144, 638 S.E.2d 202 (2006). On the second go around, in *Jones v. City of Durham*, 183 N.C. App. 57, 643 S.E.2d 631 (2007) ("Jones II"),[4] the court of appeals summarily stated that evidence showing the videotape was "subsequently misplaced or destroyed" was sufficient to allow the claim against the officer to proceed to a jury. *See Jones II*, 643 S.E.2d at 633.

This Court has reviewed the facts of *Jones* in detail and is unconvinced that it counterbalances the broad statement of law put forth by the Fourth Circuit in *Evans*, which this Court *must* follow. For instance, as Defendant correctly points out, "there is no mention of any criminal investigation arising from the facts alleged in the *Jones* case as it dealt with claims of a pedestrian who was struck by a police officer who was driving to aid another officer in response to a distress call." *See* [Doc. No. 52] at p. 2. It is on this factual basis that *Jones* is completely

---

[4] *Jones I* and *Jones II* will, hereafter, be collectively referred to as "*Jones*."

distinguishable. There, the plaintiff's obstruction of justice claim did not clearly arise from any action taken by the officer-defendant during the course of a criminal proceeding related to the plaintiff's injury or cause of action.

Contrastingly, in *Evans*, the police officer defendants were accused of concealing and fabricating evidence and tampering with witnesses during the course of their criminal investigation of the plaintiffs. *See Evans*, 703 F.3d at 657-58. These scurrilous acts resulted in criminal charges being brought against the plaintiffs for prosecution. *See id.* In this case, Plaintiff has accused Defendant Officer Hopkins of making "intentionally false and misrepresentative statements to investigating officers from the North Carolina State Bureau of Investigation (the 'SBI') regarding the Decedent's death and the circumstances surrounding his death[,]" so as to *avoid* criminal charges from being brought and prosecuted against himself, and to pin, instead, any criminality or wrongdoing on the Decedent. *See Houck*, 2016 WL 1599806, at *8. As is clear, both *Evans* and this case involve allegedly wrongful conduct that was committed by police officers during a criminal proceeding or investigation, whereas *Jones* indicates wrongdoing only in the context of a civil tort claim between an officer and a pedestrian plaintiff, who was not the subject of a criminal proceeding or investigation. Other district courts have agreed with this distinction. *See, e.g., Haynes v. City of Durham*, N.C., No. 1:12-CV-1090, 2014 WL 2864470, at *10 (M.D.N.C. June 24, 2014). Thus, in accordance with other tribunals, the Court finds that *Jones* does not preclude application of the *Evans* Rule. *See id.*

Next, Plaintiff attempts to distinguish this case from *Evans*, and align it with *Jones*, by arguing that *Evans* did not involve an investigation of an officer himself, whereas this case and *Jones* both involved an officer trying to exculpate himself from liability. The Court is not persuaded. As is discussed above, the relevant factor for *Evans* purposes is on the character and

context of the circumstances in which the alleged bad acts occurred (e.g., did the bad acts occur during a criminal investigation or proceeding?),[5] not on the purpose of the officer committing the acts. *See Evans*, 703 F.3d at 658 (reversing the district court because it focused its obstruction of justice analysis on whether the officer defendants acted with the "purpose of impeding the justice system" rather than focusing on whether such claims could even be brought under North Carolina law when the underlying bad acts "relat[e] to a criminal proceeding"). Here, the context under review is an SBI investigation into an officer-involved shooting of a decedent, and is undeniably criminal in nature.[6] Accordingly, *Evans* applies.

Moreover, Plaintiff's argument is not persuasive because *Jones*, a 2007 case, was reported before *Evans*, a 2012 case, and *Jones* was brought to the *Evans* court's attention through the parties' briefing. *See, e.g., Evans v. Chalmers*, Reply Brief of Appellants, 2011 WL 5128004, at *38 (4th Cir. 2011) (discussing *Jones*). Thus, at the time it handed-down its far-reaching decree, the *Evans* court was both presumptively and actually aware of the North Carolina Court of Appeals' holding in *Jones*. Under those circumstances, the Fourth Circuit was bound to follow *Jones* if (1) *Jones* were to apply in the criminal context; and (2) the court was convinced that the North Carolina Supreme Court would adopt the *Jones* court's holding if invited to do so.[7] *See, e.g., Iodice v. United States*, 289 F.3d 270, 274-75 (4th Cir. 2002); *Assicurazioni Generali, S.p.A. v. Neil*, 160 F.3d 997, 1003 (4th Cir. 1998). That being the case, the *Evans* court noted no exceptions or equivocations in its broad edict. Thus, having been aware of the *Jones* court's decision, it is

---

[5] So as to preclude additional arguments on this issue, the Court notes that the *Evans* court considered a criminal "investigation" to constitute a "criminal proceeding," or to at least "relat[e] to a criminal proceeding." *See Evans*, 703 F.3d at 658.
[6] Even Plaintiff concedes that the SBI's investigation was criminal. *See* [Doc. No. 49] at pp. 4-6 ("The Defendants here were not conducting a criminal investigation, they were the subject of it. The [SBI] was investigating the Defendants' role in the killing of the decedent.").
[7] As stated above, the North Carolina Supreme Court did not review Jones' obstruction of justice claim. *See Jones v. City of Durham*, 361 N.C. 144, 146, 638 S.E.2d 202, 203 (2006)

assumed that the Fourth Circuit either did not believe that the holding is applicable in the criminal context or that the North Carolina Supreme Court would not adopt *Jones* in the criminal context.[8] A few years later, in *Massey*, the Fourth Circuit reaffirmed its understanding of North Carolina law. *See* 759 F.3d at 358. This Court will not read an exception for *Jones* into the Fourth Circuit's *Evans* and *Massey* opinions because the circuit court did not see fit to do so itself.

III.  **DECRETAL**

**IT IS, THEREFORE, ORDERED THAT**

(1)  Plaintiff's Motion for Reconsideration (Doc. No. 50) is hereby **DENIED**; and

(2)  If the parties wish to finalize their consent to Magistrate Judge David C. Keesler's jurisdiction, *see* (Doc. No. 48), at p. 3, a stipulation and consent to jurisdiction form **SHALL BE FILED** with the Court no later than **TEN (10) DAYS** from the date of this order. Otherwise, this matter shall continue to be litigated under the supervision of the undersigned.

**SO ORDERED**.

Signed: July 6, 2016

Richard L. Voorhees
United States District Judge

---

[8] The Court is not persuaded that *Evans* failed to discuss *Jones* simply because it found the case distinguishable on the same grounds as Plaintiff, i.e., that *Evans* does not involve an officer attempting to evade his own liability, whereas *Jones* allegedly does. *See* discussion, *supra*. Had the *Evans* court disregarded *Jones* on that basis alone, the court would have been compelled to distinguish it with explicit reference because an officer may obstruct justice, or attempt to do so, for his own protection, in either a civil or criminal context. Instead of splitting hairs, it is clear the Circuit decided to proclaim broadly that a state law obstruction of justice claim cannot accrue as a result of an officer's actions relating to a criminal proceeding or investigation. Until the Circuit says otherwise, this Court must apply that rule.